1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   IN RE DAVID FOLSOM,                    )   Civil No. 10cv2440 L (NLS)
                                            )
12              Debtor.                     )   Bankruptcy No.  09-08919-B7
                                            )
13   _____     )   Adversary No. 10-90142-B7
                                            )
14   DAVID FOLSOM; PAMELA                   )   **ORDER AFFIRMING THE**
     BRODWOLF-FOLSOM,                       )   **DECISION OF THE BANKRUPTCY**
15                                          )   **COURT**
                Appellants,                 )
16                                          )
     v.                                     )
17                                          )
     GERALD H. DAVIS, Chapter 7 Trustee,    )
18                                          )
                Appellee.                   )
19   _____     )

20        Debtor David Folsom and Pamela Brodwolf-Folsom[1] appeal the decision of the

21   Bankruptcy Court granting the Chapter 7 Trustee's motion for summary judgment. The appeal

22   has been fully briefed. For the reasons set forth below, the decision of the Bankruptcy Court is

23   affirmed.

24   **I.    Factual Background**

25        Debtor and Pamela Brodwolf-Folsom entered into a premarital contract on October 26,

26   1990, concerning, *inter alia*, community property.

27

28   _____

     [1]      Pamela Brodwolf-Folsom did not join in the filing of debtor's bankruptcy petition.

                                                                               10cv2440

1
2
3
4

> Community Property:  The parties do not intend to establish joint checking and joint savings accounts. In the event that any joint accounts are established, the funds deposited in said accounts shall be the community property of the parties. Any property, real or personal, acquired after marriage and held by the parties jointly, shall be the community property of the parties. Any assets acquired from the funds in the parties joint accounts will be community property.

(Premarital Contract, ¶6, RA[2], Exh. 1, A)

5
6
7
8
9
10
11

In 2006, Debtor and Pamela Brodwolf-Folsom opened a joint checking account, *i.e.,* the account was held in both names, at Bank of America. Moneys were deposited into the joint account and those funds were wired out of the account to Great American Title Co. in order to purchase eight condominiums in Missouri. Title to the condominiums was conveyed to "Pamela Brodwolf-Folsom, as a married woman." There are no liens or encumbrances on the condominiums.

12
13
14
15
16
17
18

In the answer to the complaint filed in the Bankruptcy Court, Brodwolf-Folsom states that she owned other real property, specifically her Fuerte Drive property, that was her separate property under the premarital contract. She borrowed money using her separate property as security for repayment and used the separate property loan proceeds to purchase the Missouri condominiums. As a result, Debtor and Brodwolf-Folsom contend that no community property or funds were used to purchase the Missouri condominiums, David has no community property interest in the condominiums, and the condominiums are not property of the bankruptcy estate.

19
20
21
22

The Bankruptcy Court disagreed finding that based on the language of their Premarital Contract, the joint account appellants opened was community property and thus the condominiums purchased with the funds from the account were the property of the bankruptcy estate.

23

## II.    Standard of Review

24
25
26
27

When considering an appeal from the bankruptcy court, a district court applies the same standard of review that a circuit court would use in reviewing a decision of a district court. *See Ford v. Baroff* (*In re Baroff*), 105 F.3d 439, 441 (9th Cir. 1997). On appeal, a district court must review a bankruptcy court's findings of fact under the clearly erroneous standard and its

28

---

[2]    Record on Appeal.

10cv2440

1  conclusions of law de novo. FED. R. BANKR. P. 8013; *see also Sigma Micro Corp. v.*

2  *Healthcentral.com* (In re Healthcentral.com), 504 F.3d 775, 783 (9th Cir. 2007). The test for

3  clear error is not whether the appellate court would make the same findings, but whether the

4  reviewing court, based on all of the evidence, has a definite and firm conviction that a mistake

5  has been made. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A reviewing court

6  may not overturn a decision, even if it would have weighed the evidence in a different manner,

7  so long as the trial court's view of the evidence is plausible in light of the entire record. *Id.* at

8  573-74, 105 S. Ct. 1504. In applying the clearly erroneous standard, the appellate court views the

9  evidence in the light most favorable to the party who prevailed below. *Lozier v. Auto Owners*

10  *Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991).

11        A grant of summary judgment is reviewed *de novo. United States v. City of Tacoma*, 332

12  F.3d 574, 578 (9th Cir. 2003). Under the Federal Rules of Civil Procedure, a court shall grant

13  summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on

14  file, together with the affidavits, if any, show that there is no genuine issue as to any material

15  fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

16  The moving party bears the initial burden of demonstrating the absence of a genuine issue of

17  material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323. The burden then shifts to the

18  nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." FED.

19  R. CIV. P. 56(e). The nonmoving party must identify factual disputes that "might affect the

20  outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

21  (1986).

22  **III.    Issue on Appeal**

23        Did the Bankruptcy Court err in finding as a matter of law that a joint account the Debtor

24  and his wife was community property under a premarital contract and therefore, the funds from

25  that account that were used to purchase condominiums were the property of David Folsom's

26  bankruptcy estate notwithstanding evidence showing a lack of intent to create community

27  property.

28

10cv2440

1  **IV.    Discussion**

2          As noted above, the Debtor and Brodwolf-Folsom entered into a valid Premarital

3  Contract[3] on October 26, 1990, that provides for the parties' intent to retain property as separate

4  but also specifically allows and provides for the creation of community property: "*In the event*

5  *that any joint accounts are established*, the funds deposited in said accounts shall be the

6  community property of the parties." (Premarital Contract, ¶6, Record on Appeal (RA), Exh. 1,

7  A. (emphasis added))

8          Under California's Probate Code, a joint account means an account payable on request to

9  one or more of two or more parties whether or not mention is made of any right of survivorship.

10 CAL. PROB. CODE § 5130. It cannot be disputed that the Debtor and Brodwolf-Folsom opened a

11 joint checking account at Bank of America, *i.e.*, the Bank of America account was held in both

12 Debtor's and Brodwolf-Folsom's names. But Debtor and Brodwolf-Folsom provide declarations

13 that the joint account was created for the convenience of Brodwolf-Folsom, and Debtor had no

14 right to access the account without the express permission of Brodwolf-Folsom. Notwithstanding

15 these declarations, appellants present no evidence that Debtor could not have accessed the funds

16 in the joint account had he wanted to do so. Appellants' declarations do not and cannot alter their

17 Premarital Contract or California's Probate Code.

18         Appellants also argue that the Premarital Contract, ¶ 6,  requires that *community* funds be

19 deposited into the joint account in order for the joint account to acquire the status of community

20 property. The Premarital Contract neither states nor suggests such a reading. Instead, as provided

21 in the Premarital Contract, it is the establishment of the joint account that creates the community

22 property and "the funds deposited in said accounts shall be the community property of the

23 parties."  (Premarital Contract, ¶6, Record on Appeal, Exh. 1, A)

24         Because the account was in both parties' names, both parties had access to and control

25 over the account under California law, and the Premarital Contract is valid and enforceable, the

26 account funds are community property notwithstanding appellants' declarations to the contrary.

27

28         [3]       California Family Code § 1500.

1  Between March 30, 2006 and April 26, 2006, the joint checking account statement from

2  Bank of America shows total deposits of $282,233.76 for Pamela M. Brodwolf- Folsom and

3  David Folsom. Three withdrawals during that period were used to make payment for the

4  condominiums. The deeds transferring title to the eight condominiums were conveyed to

5  "Pamela Brodwolf Folsom, a Married Person."

6  The funds used to purchase the condominiums were from appellants' joint checking

7  account and those funds were community property. Property acquired with community funds or

8  property is also community property. *Katz v. U.S.*, 382 F.2d 723, 728 (9th Cir. 1967).

9  Appellants argue that their declarations concerning their intent have been overlooked by

10  the Bankruptcy Court. In their reply memorandum, appellants appear to concede that they made

11  a mistake in creating the joint account and a transmutation cannot be caused by such a mistake.

12  In other words, appellants are not arguing that the Premarital Contract is invalid nor are they

13  seeking to rescind the Premarital Contract. Instead, they contend that *in this instance* they made

14  a mistake in setting up a joint account which, under their valid Premarital Contract, created a

15  community property situation. Although sympathetic to appellants' situation, their alleged error

16  in setting up the joint account as expressed in their declarations is not determinative given the

17  valid and unmistakable terms of the Premarital Contract. The Premarital Contract provides for

18  either a separating writing, under paragraph 13, or the depositing of funds into a joint account,

19  under paragraph 6, for transmuting separate property into community property. Notwithstanding

20  their stated error in creating the joint account, the terms of the Premarital Contract cannot be

21  legally ignored or voided.

22  **V.    Conclusion**

23  Based on the foregoing, **IT IS ORDERED** affirming the decision of the Bankruptcy

24  Court.

25  **IT IS SO ORDERED**.

26  DATED:  August 8, 2011

27  _____
    M. James Lorenz

28  United States District Court Judge

1   COPY TO:

2   HON. NITA L. STORMES
    UNITED STATES MAGISTRATE JUDGE
3

4   ALL COUNSEL/PARTIES

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28