UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DAVID FOLSOM,<br><br>    Debtor.<br><br>———————————————<br>DAVID FOLSOM; PAMELA BRODWOLF-FOLSOM,<br><br>    Appellants,<br>v.<br>GERALD H. DAVIS, Chapter 7 Trustee,<br><br>    Appellee.<br>——————————————— | Civil No. 10cv2440 L (NLS)<br><br>Bankruptcy No. 09-08919-B7<br><br>Adversary No. 10-90142-B7<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [doc. #19]** |

David Folsom moves to proceed in forma pauperis on appeal. Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Also, [t]he party must attach an affidavit that:

    (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

    (B) claims an entitlement to redress; and

    (C) states the issues that the party intends to present on appeal.

FED. R. APP. PROC. 24(a)(1).

1     Having reviewed the affidavit attached to Folsom's motion, the Court finds that he has failed
2 to demonstrate his inability to pay or to give security for fees and costs.

3     The benefit of proceeding IFP is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221,
4 1231 (9th Cir. 1984). A petitioner need not "be absolutely destitute to enjoy the benefit of this
5 statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277
6 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). He must, however, demonstrate
7 his poverty with "some particularity, definiteness, and certainty." *United States v. McQuade*, 647
8 F.2d 938, 940 (9th Cir.1981) ( *per curiam* ). "[T]he same even-handed care must be employed to
9 assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims
10 or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own
11 oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

12     Folsom indicates that his average monthly amount of money received during the past 12
13 months and the amount expected next month is $2,300.00. He also states that his total monthly
14 expenses are $985.00. Folsom's spouse anticipates receiving $5,900.00 next month and having
15 expenses of $5,800.00. The affidavit also shows the value of real estate in the amounts of $590,000
16 and $350,000.00.

17     Under these facts, the Court is not persuaded that Folsom is unable to pay the appellate filing
18 fee. Accordingly, Folsom's motion to proceed in forma pauperis on appeal is **DENIED.**

19     **IT IS SO ORDERED**.

20 DATED: August 22, 2011

21                                                     M. James Lorenz
22                                           United States District Court Judge

23

24 COPY TO:

25 HON. NITA L. STORMES
    UNITED STATES MAGISTRATE JUDGE
26

27 ALL COUNSEL/PARTIES

28